(52 Misc. Rep. 239)

### CLARK et al. v. GOODRIDGE et al.

(Supreme Court, Special Term, New York County. December, 1906.)

EXECUTORS—DIVISION OF ESTATE—EXERCISE OF DISCRETION.

> Where, in a division of an estate under the terms of a will, the executors were vested with certain discretion, and there were three methods possible, by one of which so large an amount of cash would be needed to equalize the shares as would exhaust the personalty, by another the least possible amount of cash would be required, and by a third a middle ground was possible, that the executors adopted the third was not an abuse of discretion justifying the interference of the court.

Action by William Irving Clark and Caroline L. Iselin, executors of Charlotte M. Goodridge, against Frederic G. Goodridge and others, to construe a will.

See 100 N. Y. Supp. 824.

John Mason Knox, for executors.

Gans & Iselin (H. S. Gans and J. H. Iselin, of counsel), for plaintiff Iselin.

Marshall, Moran & Williams (Charles C. Marshall and Stephen G. Williams, of counsel), for defendant Carnochan.

Lucius H. Beers, for defendants Iselin, Wyeth, and Goodridge.

James C. King, for defendants Carnochan.

Stickney, Maclay & McBurney (Albert Stickney, of counsel), for defendants F. G. Goodridge and C. G. Weyth.

Emmet & Robinson, for New York Life Insurance & Trust Company.

LEVENTRITT, J. This case has been reopened for the consideration of certain minor questions not heretofore raised nor disposed of in the opinion already handed down.

1. I fail to see any intimation in the seventh clause of the will that there must be such a division of the land as will require the least possible contribution from the personal estate to equalize the shares. There is unquestionably a discretion in the executors. Five pieces are to be divided among four interests. At the end of the five-year period the executors are to grant and convey to each of the children "one or more of said pieces of land, with such amount of cash" out of the personalty "as shall make the share to be received by each of my said children equivalent in value to the share of the others." Equality is to be effected by the addition of cash, not by the division of the parcels. The testatrix advisedly used the phrase "one or more." It has already been pointed out in the main opinion that she had five parcels in mind. She must, therefore, have contemplated that one child would receive.

two pieces; and, while in other parts of the will she assigned specific pieces to named children for residence purposes, she here saw fit to unite in the control of her executors five parcels for five years, to be then conveyed, not in a manner indicated by her, but in accordance with a discretion vested in them. The conclusion does not seem unwarranted that the testatrix was not concerned about the amount of cash necessary to establish equality. Though the personalty was relatively large, by far the greater part of this valuable estate consisted of realty. The testamentary purpose is clear. Provision is carefully made for children and grandchildren. Each child receives a specified residence, each a parcel or more of a group of realty holdings plus an indefinite amount of cash at the end of five years, and each a life interest in one-fourth of the residue. The grandchildren are the equal remaindermen of this residue. The proper carrying out of this testamentary purpose seems to have been dominantly in mind, leaving the question whether a larger or lesser amount of cash should be applied at the end of the five-year period as an incident in the control of the executors, who, throughout the instrument, are made the donees of large discretionary powers. There are four valuable parcels, the appraisal of which varies from $120,000 to $162,000, and one parcel of relatively small value, that has realized $50,000 under a contract of sale made by the testatrix before her death, but which amount is to be treated as realty under the will. To each of the four interests there has been assigned one of the valuable parcels. It was in the discretion of the executors to add the proceeds of the parcel sold to whichever piece they chose. The guardians for the infants present three possible combinations of the properties: One which appropriates the smallest amount of cash, one which would require a very large amount and practically exhaust the personalty, and a third, which takes middle ground, and which is the one adopted. I can see no objection to this plan of equalization The grandchildren, as ultimate remaindermen of the large residuary estate, take more in value than is disposed of by outright gift. The testatrix was more concerned with the gift to her immediate issue than with the· ultimate amount to which unnamed and unborn grandchildren might become entitled. In any event the gift in the seventh clause vested a discretion in the executors, and there is no evidence that it has been abused. Some question has been raised as to the participation by the executrix, who is also a beneficiary, in making the assignment of the parcels. The executor made the division in the first instance, and it was thereafter ratified by the executrix. If the court's approval or confirmation is necessary to insure validity, it is herewith given.

2. I am still of the opinion that the nineteenth and twentieth clauses present at this time purely academic questions, except so far as it is necessary to state that the twentieth clause by its terms does not operate on the vested remainders created by the seventh clause. By the death of Mrs. Carnochan her vested remainder passed under the will to her children. Although this remainder vests as a devise, as heretofore pointed out, and not by operation of law, it is not a remainder taking effect on the death of a life beneficiary, which is the condition contemplated by the twentieth clause to continue the trust during a minority. Although the estate is measured by lives, the beneficiary is not a

life beneficiary, but one for years. The twentieth clause operates on the residuary clause solely.

3. Curtesy in the husband of Mrs. Carnochan is excluded under the construction heretofore given. I have already held that it was not the intention of the testatrix that, in the event of the death of one of her children during the five-year period, that child's share should be divested in favor of anybody but his or her own issue. Whether the issue take the share as well as the rents by substitution is a question that is not free from doubt; but I have already resolved that doubt in favor of the issue, and a reconsideration does not suggest the propriety of a different construction.

4. The $25,000 realized from the discharge of the Diefendorf mortgage should be paid to the general guardian of the infants upon his furnishing satisfactory security and subject to the right of curtesy, if any, which may be established in the proper proceeding.

5. Insurance, taxes, and assessments on No. 250 Fifth avenue and Springhurst should be paid out by the general estate.